Clark *v.* Clark.

## LUCY H. CLARK

*v.*

## JOSEPH R. CLARK.

A writ of *ne exeat*, as the law now stands, may be granted on affidavits made before a suit is pending in court between the parties.

On motion to discharge writ of *ne exeat*.

*Mr. William H. Speer, Jr.*, for the motion.

*Mr. Paul A. Queen, contra.*

VAN FLEET, V. C.

The defendant asks for an order discharging the writ of *ne exeat* granted in this case, and also directing that the bond which he gave under the writ be surrendered to him for cancellation. The ground on which he rests his application is, that the affidavits on which the writ was ordered were made before any suit was pending in court between the complainant and himself. This is true. The affidavits on which the writ was granted were sworn to on the 8th and 10th days of February, 1893, and the bill was not filed until the 11th day of the same month.

According to the English rule, which was followed by Chancellor Halsted, in *Bylandt* v. *Bylandt, 2 Hal. Ch. 28*, neither a writ of *ne exeat* nor an injunction could properly be granted on affidavits made before a cause or other proceeding was actually depending in court; or if granted, was subject to discharge or dissolution as having been irregularly obtained. And the reason was that if the writ had been procured by testimony willfully and corruptly false, the person giving it could not be convicted of perjury, as he had not given it in a suit or proceeding depending in court. *Anonymous, 6 Madd. 171 ; Francome* v. *Francome, 11 Jur. (N. S.) 123 ; Hughes* v. *Ryan, Beatty (Ir. Ch.)*

*327 ; 2 Dan. Ch. Pr. 1709.* Perjury, at common law, could only be committed by false swearing in some judicial proceeding. *State* v.· *Dayton, 3 Zab. 49, 54.* The reason, however, on which ·the English rule was founded no longer exists in this state. By the first and third sections of the act relative to oaths and affi-·davits (*Rev. p. 740*), it is, in substance, enacted that if any per-·son shall willfully and corruptly swear falsely in any affidavit ·made for any lawful purpose, or necessary or proper to be used in any court of this state, such person shall be deemed to be ·guilty of perjury and may be punished accordingly. It is thus ·seen that if either of the two females who made the affidavits on which the writ in this case was ordered, committed perjury in ·swearing to any material fact set forth in her affidavit, she may be indicted for that crime and convicted. The construction of ·the statute relative to oaths and affidavits, so far as it affects the ·question involved in this case, was ·settled in *State* v. *Dayton,* ·*supra.* The·maxim *Cessante ratione legis, cessat ipsa lex,* applies. The defendant's motion must be denied, with ·costs.